**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-40126
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE LUIS ZAMBRANO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-48-ALL

Before KING, GARWOOD and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jose Luis Zambrano appeals his conviction following a bench trial for possession with intent to distribute in excess of 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). He argues that the district court erred in denying his motion to suppress the marijuana seized in conjunction with the traffic stop that led to his arrest. In considering a ruling on a motion to suppress, this court reviews findings of fact for clear error and the ultimate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Fourth Amendment conclusions *de novo*. *United States v. Brigham*, 382 F.3d 500, 506 n.2 (5th Cir. 2004) (en banc). We view the evidence in the light most favorable to the prevailing party, in this case the Government. *See id.*

Zambrano does not contest that he was speeding and that the initial traffic stop was justified. Rather, Zambrano argues that Deputy Calderon unconstitutionally extended the duration of the stop when the deputy continued to question him and searched the vehicle after the purpose of the stop was completed.

This court has noted that "a consensual interrogation may follow the end of a valid traffic stop and that such consensual encounters do not implicate Fourth Amendment concerns." *Id.* at 508 (citing *United States v. Sanchez-Pena*, 336 F.3d 431, 442–43 (5th Cir. 2003) (finding a consensual encounter where the officer had returned the driver's license and insurance and then requested to conduct a search of the vehicle)). "So long as 'a reasonable person would feel free to decline the officers' requests or otherwise terminate the encounter,' it is consensual." *Sanchez-Pena*, 336 F.3d at 441 (quoting *United States v. Drayton*, 122 S.Ct. 2105, 2111 (2002)). After issuing Zambrano a traffic citation and explaining what the citation required Zambrano to do, Calderon returned Zambrano's license and insurance certificate and asked if he had any questions (which he did not). Calderon did not accuse Zambrano of other criminal activity, and he did not say or do anything to indicate that Zambrano was not free to leave, nor did he in any way attempt to physically detain him. Although Calderon did not expressly inform Zambrano that he was free to leave, Zambrano later testified that he should have felt free to go after he received the citation because he was stopped for speeding.[1] Under these circumstances,

---

[1]Zambrano notes that Deputy Calderon admitted that he would not have allowed Zambrano to leave the scene even if Zambrano had attempted to do so. However, only Deputy Calderon's objective conduct, and not his private thoughts and subjective intentions, are relevant in determining whether a seizure took

Zambrano's decision to remain on site and answer Calderon's questions was consensual. *See id.* at 442–43. Therefore, the district court did not commit clear error in determining that the encounter between Zambrano and Deputy Calderon following the issuance of the traffic citation was consensual. Based on this finding, the district court also correctly concluded that there was no Fourth Amendment violation.

The Government's position is further supported by the district court's finding that Zambrano consented to the search of his vehicle. Zambrano testified that he was never asked for nor voluntarily gave his consent to the search, whereas Deputy Calderon testified to the contrary. The district court found the deputy's testimony more credible, and we will not casually disturb that determination, especially when reviewing for clear error. *United States v. Casteneda*, 951 F.2d 44, 48 (5th Cir. 1992). We look to six factors in reviewing the voluntariness of a consent to search:

> "1) the voluntariness of the defendant's custodial status; 2) the presence of coercive police procedures; 3) the extent and level of the defendant's cooperation with the police; 4) the defendant's awareness of his right to refuse consent; 5) the defendant's education and intelligence; and 6) the defendant's belief that no incriminating evidence will be found."

*United States v. Jones*, 234 F.3d 234, 242 (5th Cir. 2000). Zambrano does not challenge on appeal the district court's findings that the second through sixth factors of the consent inquiry weighed in favor of finding that his consent was voluntary. The only factor challenged by Zambrano is the first factor, the voluntariness of his custodial status. *See id.* Zambrano has not, for the reasons noted above, shown that he was being detained when he gave consent to search his truck. Even if he was being detained for purposes of the Fourth Amendment, however, he was not then under arrest or in official custody, *see United States v. Ponce*, 8 F.3d 989, 997 (5th Cir. 1993), and given the district court's findings

place. *See United States v. Mask*, 330 F.3d 330, 337 (5th Cir. 2003).

with respect to the other factors, the district court's finding that Zambrano's consent was voluntary was not clearly erroneous.

The district court's judgment is AFFIRMED.